IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFF SALSIEDER,
                                                                                    OPINION AND ORDER

                Plaintiff,

                                                                       13-cv-838-bbc

    v.

BOARD OF REGENTS OF THE UNIVERSITY
 OF WISCONSIN SYSTEM,
LISA STEINKAMP, in her official and individual capacities,
and ROBERT GOLDEN, in his official and individual capacities.

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action brought under 42 U.S.C. § 1983, plaintiff Jeff Salsieder contends that defendants Lisa Steinkamp, Robert Golden and the Board of Regents of the University of Wisconsin System deprived him of due process under the Constitution. Plaintiff, a student at the University of Wisconsin School of Medicine and Public Health, alleges that defendants placed him on probation without providing him with the procedures they promised in the student handbook. Defendants have moved to dismiss plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(6) on the grounds that (1) defendant Board of Regents is not a "person" under § 1983 and (2) plaintiff cannot state a due process claim against defendants. Dkt. #12. Because I agree with defendants' second argument, their motion will be granted and plaintiff's amended complaint dismissed.

       Plaintiff fairly alleges the following facts in his amended complaint.

1

BACKGROUND

Since June 2012, plaintiff Jeff Salsieder has been a student in the Doctor of Physical Therapy program at the University of Wisconsin School of Medicine and Public Health. Defendant Lisa Steinkamp is the director of the Doctor of Physical Therapy program and defendant Robert Golden is the Dean of the School of Medicine and Public Health.

In March 2013, at Steinkamp's direction, plaintiff, Steinkamp and plaintiff's academic advisor met. Steinkamp informed plaintiff that she had received complaints about his conduct outside the classroom. (Plaintiff does not disclose the nature of these complaints.) At the end of the meeting, Steinkamp gave plaintiff a letter stating that he was placed on probation for an indefinite length. She did not say in the letter that plaintiff had to abide by any new conditions or rules or whether he had any way to appeal the decision. The University of Wisconsin has declined plaintiff's attempts to appeal or discuss the decision.

The University of Wisconsin accepted plaintiff's tuition and fees payments and plaintiff maintained passing grades.

OPINION

Plaintiff argues that when defendants decided to place him on probation without providing him a hearing, a chance to participate in the investigation or an opportunity to appeal the decision, they violated the due process clause of Fourteenth Amendment of the Constitution. To state a claim under the due process clause of the Fourteenth Amendment,

plaintiff must show two things: (1) the government defendant has deprived him of a right, such as a right to property; and (2) it did so without providing plaintiff due process under the law. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972). Defendants say that plaintiff cannot meet the first element because being placed on probation was not the deprivation of any right protected under the Fourteenth Amendment. Id. ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.").

Plaintiff disputes this argument on two fronts. First, he says he experienced deprivation of a protected right because he had a right to continue his education. However, despite plaintiff's probationary status, he is not facing suspension or expulsion and he may attend school and continue his education just as he would have before his probation. Thus, he has not been deprived of any right he may have to continue his education, so that cannot be a basis for his claim.

Second, plaintiff argues that he was deprived of his contractual rights when the University of Wisconsin failed to provide him fair procedures before placing him on probation, which he says the university agreed to do in exchange for his tuition dollars, among other things. Plaintiff says that because he contracted for the fair procedures, he has a property right in them. (Defendants dispute that any such promises were made, but for the purposes of deciding this motion, I will assume that they were.) Plaintiff cites Ross v. Creighton University, 957 F.2d 410, 417 (7th Cir. 1992) for this proposition, but that case was about a claim for breach of contract, not due process.

Although it is true that, "[a]s a general matter, a contract with a state agency may give rise to a protected property interest[,] . . . [a student's] interest in contractually-guaranteed university process is not protected by the federal Constitution." Sung Park v. Indiana University School of Dentistry, 692 F.3d 828, 831-32 (7th Cir. 2012). In Sung Park, the student plaintiff "complain[ed] only about the deprivation of her 'right' to receive notice of the charges against her, her 'right' to prior notice of adverse witness statements, and her 'right' to cross-examine those witnesses at university hearings." Id. The Court of Appeals for the Seventh Circuit held that even if the university had guaranteed those procedures by contract, the plaintiff could not rely on them as a basis for her claim because "the federal Constitution's due process clause does not protect an interest in other process." Id.; see also Charleston v. Board of Trustees of University of Illinois at Chicago, 741 F.3d 769, 773 (7th Cir. 2013) ("Charleston seems to be claiming that the school promised him the *procedures* set out in the university's disciplinary policy. . . . We have rejected similar claims of an 'interest in contractually-guaranteed university process' many times . . . , but we will be clear once more: a plaintiff does not have a federal constitutional right to state-mandated process. . . .") (internal citations omitted) (emphasis in original).

Like Charleston and Park, plaintiff alleges that he was deprived of his "right" to receive procedures from the university, a right that is not constitutionally protected under the due process clause. Therefore, he has failed to state a claim upon which relief may be granted. Because plaintiff does not suggest the existence of any additional facts that would support a federal claim, I see no reason to allow him to amend his complaint.

4

ORDER

IT IS ORDERED that the motion of defendants Lisa Steinkamp, Robert Golden and the Board of Regents of the University of Wisconsin System, dkt. #12, to dismiss plaintiff Jeff Salsieder's amended complaint, dkt. #6, is GRANTED.  The clerk of court is directed to enter judgment for defendants and close the case.

Entered this 23d day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge